IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY PRICE THOMAS, | No. C 12-5607 SI |
| Plaintiff, | **ORDER TO SHOW CAUSE** |
| v. | |
| SONOMA COUNTY, *et al.*, | |
| Defendants. | |

On November 1, 2012, plaintiff Gary Thomas filed a complaint against the County of Sonoma, Beth Wanamaker, Veronica Pineda, Daniel Chester, Nancy Case Shaffer and Does 1-50. Although plaintiff served the complaint on the County, it appears from the docket that plaintiff has not served any of the individual defendants. Pursuant to Federal Rule of Civil Procedure 4(m), plaintiff was required to serve the individual defendants within 120 days of the filing of the complaint. "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. Proc. 4(m).

Accordingly, plaintiff is ORDERED TO SHOW CAUSE in writing no later than **July 8, 2013**, why this action should not be dismissed without prejudice as to the individual defendants.[1] The Court notes that based on the allegations of the complaint, it appears that plaintiff has not stated a claim against the individual defendants. The complaint alleges that "this case arises out of the child custody case in Sonoma County, California whereby the plaintiff was discriminated against and his parental

---

[1] The Court will rule on the County of Sonoma's motion to dismiss the complaint in a separate order.

1 rights were intentionally interfered with by county employees." Compl. at 2. The complaint alleges that
2 defendant Beth Wanamaker was a mediator involved in plaintiff's child custody case, and that on or
3 about August 1, 2010, Wanamaker submitted a report to the court "regarding Mr. Thomas and this report
4 falsely portrayed Mr. Thomas in a negative light but subsequently caused Mr. Thomas to lose visitation
5 with his daughter without reason or provocation by Mr. Thomas in any way." *Id*. at 3:24-27. The
6 complaint alleges that "[t]hereafter Beth Wanamaker and the other named Sonoma County employees
7 continued to portray Mr. Thomas as a violent man with a criminal nature" and that "[f]ollowing the acts
8 of these Sonoma County employees, the court adopted rulings that caused the plaintiff to lose time with
9 his daughter." *Id*. at 4:1-5. The complaint alleges that on or about October 9, 2010, plaintiff lost
10 visitation with his daughter. *Id*. at 3:16-17. The complaint alleges that defendant Veronica Pineda was
11 Wanamaker's supervisor and that "she failed to do her job and protect Mr. Thomas's rights," and that
12 defendant Daniel Chester was Wanamaker's co-worker who took over plaintiff's custody case and that
13 Mr. Chester "did nothing to correct the unlawful acts of his co-worker." *Id*. at 5:18-19; 6:13-17.
14 Although the complaint does not contain any allegations about defendant Nancy Case Shaffer, plaintiff's
15 opposition to the County's motion to dismiss identifies her as the judge who presided over plaintiff's
16 custody case.

17 Based on the allegations of the complaint, Judge Shaffer is entitled to absolute judicial immunity
18 from suit because all of the actions plaintiff complains about were taken by Judge Shaffer in her role
19 as a judge presiding over matters in Sonoma County Superior Court. A state judge is absolutely immune
20 from civil liability for damages for acts performed in his or her judicial capacity. *Pierson v. Ray*, 386
21 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). If plaintiff
22 believed that Judge Shaffer's rulings were incorrect, plaintiff's recourse was to seek review of those
23 issues within the California court system.[2] Further, the non-judicial individual defendants would likely

---

[2] Under the "*Rooker-Feldman*" doctrine, federal district courts, as courts of original jurisdiction, may not review the final determinations of state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts); *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001). The *Rooker-Feldman* doctrine applies even when the state court judgment is not issued by the highest state court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), and when federal constitutional issues are at stake, *see Branson v. Nott*,

be entitled to quasi-judicial immunity. *See Butz v. Economou*, 438 U.S. 478, 512 (1978) (articulating test for quasi-judicial immunity); *Deavenport v. Winley*, 314 Fed. Appx. 982, 983 (9th Cir. Mar. 2, 2009) (affirming dismissal of § 1983 claims against arbitrator and administrator of arbitration program because the complaint did not allege that those individuals acted beyond their jurisdiction).

If plaintiff fails to respond to this Order to Show Cause, the Court will dismiss this action without prejudice as to the individual defendants. If plaintiff wishes to proceed against the individual defendants, plaintiff must demonstrate how he can state a claim against those defendants.

**IT IS SO ORDERED.**

Dated: June 25, 2013

SUSAN ILLSTON
United States District Judge

---

62 F.3d 287, 291-92 (9th Cir. 1995); *Mullins v. Oregon*, 57 F.3d 789, 792 (9th Cir. 1995). Thus, to the extent that plaintiff seeks to have this Court void any of the state court custody decisions, such relief is foreclosed by the *Rooker-Feldman* doctrine.