**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GARY PRICE THOMAS,

    Plaintiff,

v.

SONOMA COUNTY, *et al.*,

    Defendants.
                                        /

No. C 12-5607 SI

**ORDER GRANTING DEFENDANT COUNTY OF SONOMA'S MOTION TO DISMISS COMPLAINT AND/OR FOR SUMMARY JUDGMENT**

Defendant County of Sonoma has filed a motion to dismiss the complaint and a motion for summary judgment. After plaintiff failed to file an opposition, the Court issued an order to show cause and vacated the hearing on defendant's motion. Plaintiff then filed an opposition and a response to the order to show cause, stating that he does wish to prosecute his claims against the County. Accordingly, the Court now rules on defendant's pending motion. For the reasons set forth in this order, the Court GRANTS defendant's motion WITHOUT LEAVE TO AMEND.

**BACKGROUND**

On November 1, 2012, plaintiff Gary Thomas filed a complaint against the County of Sonoma, Beth Wanamaker, Veronica Pineda, Daniel Chester, Nancy Case Shaffer and Does 1-50. The complaint alleges that "this case arises out of the child custody case in Sonoma County, California whereby the plaintiff was discriminated against and his parental rights were intentionally interfered with by county employees." Compl. at 2. The complaint alleges that defendant Beth Wanamaker was a mediator involved in plaintiff's child custody case, and that on or about August 1, 2010, Wanamaker submitted a report to the court "regarding Mr. Thomas and this report falsely portrayed Mr. Thomas in a negative

light and subsequently cause[d] Mr. Thomas to lose visitation with his daughter without reason or provocation by Mr. Thomas in any way." *Id*. at 3:24-27. The complaint alleges that "[t]hereafter Beth Wanamaker and the other named Sonoma County employees continued to portray Mr. Thomas as a violent man with a criminal nature" and that "[f]ollowing the acts of these Sonoma County employees, the court adopted rulings that caused the plaintiff to lose time with his daughter." *Id*. at 4:1-5. The complaint alleges that on or about October 9, 2010, plaintiff lost visitation with his daughter. *Id*. at 3:16-17. The complaint alleges that defendant Veronica Pineda was Wanamaker's supervisor and that "she failed to do her job and protect Mr. Thomas's rights," and that defendant Daniel Chester was Wanamaker's co-worker who took over plaintiff's custody case and that Mr. Chester "did nothing to correct the unlawful acts of his co-worker." *Id*. at 5:18-19; 6:13-17. Although the complaint does not contain any allegations about defendant Nancy Case Shaffer, plaintiff's opposition papers identify her as the judge who presided over plaintiff's custody case.

The complaint also alleges that plaintiff is a black male and his spouse a white female. *Id*. at 2:20-22. According to the complaint "the plaintiff was labeled a criminal and lost time with his infant child. The plaintiff's only crime is the color of his skin and his gender and that he married a white woman, this is a very unpopular thing to do in Sonoma County." *Id*. at 2:25-28.

The complaint alleges one claim under 42 U.S.C. § 1983 for "deprivation of rights by government employees," and one claim for deprivation of rights and racial bias under the California Bane Act, Cal. Civ. Code § 52.

**LEGAL STANDARD**

**I.    Federal Rule of Civil Procedure 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of

2

specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## II.  Summary judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to negate or disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate to the Court that there is an absence of evidence to support the non-moving party's case. *See id.* at 325.

The burden then shifts to the non-moving party to "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324. To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the evidence is viewed in the light most favorable to

3

the non-moving party, and all justifiable inferences are to be drawn in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge [when she] is ruling on a motion for summary judgment." *Id.* Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir.1979); *see also Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (observing that there is no genuine issue of fact "where the only evidence presented is 'uncorroborated and self-serving' testimony" (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996))). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(c). Hearsay statements found in affidavits are inadmissible. *Fong v. Am. Airlines, Inc.*, 626 F.2d 759, 762-63 (9th Cir. 1980).

## DISCUSSION

Defendant County of Sonoma moves to dismiss the complaint and for summary judgment.[1] The County moves to dismiss all claims on the ground that they are barred by the applicable statute of limitations and by the *Rooker-Feldman* doctrine. The County also moves for summary judgment on the ground that all of the individual defendants are officials of the Sonoma County Superior Court and not employees or agents of the County of Sonoma, and thus there is no basis to hold the County liable.

### I.     Statute of limitations

The County moves to dismiss plaintiff's § 1983 and Bane Act claims on the ground that they are barred by the applicable two-year statute of limitations contained in California Code of Civil Procedure section 335.1. *See Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 995-96 (E.D. Cal. 2010) (holding Bane Act claim subject to section 335.1 statute of limitations); *see also Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 760 (2002). Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Elliott v.*

---

[1] The Court will issue a separate order regarding plaintiff's claims against the individual defendants.

4

*City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *see also Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (limitations period for filing § 1983 action in California governed by residual limitations period for personal injury actions in California, which was then one year and was codified in Cal. Civ. Proc. Code § 340(3)); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations period, which is now two years; enacted in 2002).

Defendant seeks judicial notice of the custody order by which plaintiff lost visitation with his child, which was entered on July 21, 2010. Def's Request for Judicial Notice, Ex. B & D.[2] The complaint alleges that plaintiff lost custody of his daughter on or about October 9, 2010. The docket sheet of plaintiff's state custody case states that a "Further Order for Custody/FCS Appointment (Amended)" was filed on October 8, 2010. *Id.* Ex. I. Defendant argues that plaintiff's section 1983 claim accrued on July 21, 2010, or at the latest on October 9, 2010, and thus that plaintiff's claim is untimely because this lawsuit was not filed until November 1, 2012.

Plaintiff's opposition does not address defendant's statute of limitations arguments. However, plaintiff's opposition states that on March 18, 2011, plaintiff "motioned for due process of law in the Superior Courtroom 23 of the State of California with [defendant] Judge Nancy Case Shaffer presiding," and that the judge denied the motion. Opp'n at 2:6-9. Plaintiff has submitted a tentative order dated March 18, 2011, issued by Judge Schaeffer that states that "the court at this time will not modify the Custody and Visitation Order entered on July 21, 2010. That Order stands." Plaintiff's Request for Judicial Notice, Ex. C. Thus, it appears that plaintiff contends that his claim accrued on March 18, 2011.

"While state law determines the period of limitations, federal law determines when a cause of action accrues." *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981). "Under federal law a cause of

---

[2] The Court GRANTS defendant's request for judicial notice, and GRANTS plaintiff's request for judicial notice of Exhibits A-C attached to plaintiff's opposition. The Court DENIES plaintiff's request for judicial notice of Exhibits D-F because those documents are not the proper subjects of judicial notice under Federal Rule of Evidence 201.

**United States District Court**
For the Northern District of California

action accrues, and the statute of limitations begins to run, when a plaintiff knows or has reason to know of the injury that is the basis of the action." *Alexopulos v. San Francisco Unified School District*, 817 F.2d 551, 555 (9th Cir. 1987). Here, based upon the allegations of the complaint and the judicially noticeable court documents submitted by defendant, the Court finds that plaintiff's claim accrued at the latest on October 9, 2010, when plaintiff "lost visitation with his daughter as a result of Beth Wanamaker's statements about the plaintiff Mr. Thomas." Compl. at 3:16-17. The March 18, 2011, denial of plaintiff's motion to modify the July 21, 2010 custody order does not alter the accrual date because plaintiff knew or had reason to know of his injury when he lost visitation with his daughter, which occurred at the latest on October 9, 2010.

## II.     The *Rooker-Feldman* doctrine

Plaintiff's opposition appears to argue that this Court should set aside the "void" state court custody orders. *See* Opp'n at 2-3. However, federal district courts, as courts of original jurisdiction, may not review the final determinations of state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts); *Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998). Accordingly, under the *Rooker-Feldman* doctrine,

> [i]f claims raised in the federal court action are "inextricably intertwined" with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483 n.16 & 485). The *Rooker-Feldman* doctrine bars an action in which a party essentially asks the federal court to review the state court's decision and afford that party the same remedy he was denied in state court. *Id.* The *Rooker-Feldman* doctrine applies even when the state court judgment is not issued by the highest state court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), and when federal constitutional issues are at stake, *see Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995); *Mullins v. Oregon*, 57 F.3d 789, 792 (9th Cir. 1995). Thus, to the extent that plaintiff seeks to have this Court void

any of the state court custody decisions, such relief is foreclosed by the *Rooker-Feldman* doctrine.

### III.     County's liability

The County also moves for summary judgment on the ground that all of the individual defendants who are alleged to have harmed plaintiff are not County employees or agents, but are instead officers of the Sonoma County Superior Court. The County has submitted the declaration of Tracy Rankin, who is currently employed by the Superior Court of California, County of Sonoma as its Court Human Resources Analyst.[3] Rankin states, "I have been asked to verify that the individuals who are named as defendants in this case, including Nancy Case Shaffer, Beth Wanamaker, Veronica Pineda, and Daniel Chester, are not and were not employees of the County of Sonoma from July 2010 to the present, and I do so verify." Rankin Decl. ¶ 3. Rankin also states that Nancy Case Shaffer was sworn in as a Judge of the Sonoma County Superior Court on January 3, 2011, and while serving in that capacity, Judge Shaffer was and is employed by the State of California. *Id*. ¶ 4. Prior to that time and during 2010, Judge Shaffer was a Superior Court Commissioner who handled misdemeanors and family law matters, and while serving in that capacity, Nancy Case Shaffer was an employee of the Superior Court of California, County of Sonoma. *Id*. Rankin states that "[a]s part of its Family Court Services program and family law operations, the Superior Court employs the following individuals who are named as defendants in this case: [1] Beth Wanamaker: employed by the Superior Court as a Family Mediator[;] [2] Daniel Chester: employed by the Superior Court as a Family Mediator[;] [3] Veronica Pineda: currently employed by the Superior Court as a Court Operations Manager in the Family Law Division, previously employed as the Family Court Services Manager." *Id*. ¶ 6.

Plaintiff's opposition asserts that the individual defendants are "double agents" of the Superior Court, the County of Sonoma, and the State of California. Opp'n at 1. However, plaintiff has not submitted any evidence to rebut the Rankin declaration, and the Court finds that the undisputed factual record shows that the individual defendants were and are not employed by the County. Accordingly, the Court GRANTS defendant's motion for summary judgment.

---

[3] Defendant filed a signed declaration of Tracy Rankin at Docket No. 36.

7

**CONCLUSION**

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss the complaint and a motion for summary judgment WITHOUT LEAVE TO AMEND.

**IT IS SO ORDERED.**

Dated: July 21, 2013

SUSAN ILLSTON
United States District Judge